# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSEPH ANTHONY CLEMENTS, also known as Joey Clements,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-69-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joseph Anthony Clements pleaded guilty to three counts of mail fraud, in violation of 18 U.S.C. § 1341. Clements defrauded the fund reserved for victims of the 2010 Deepwater Horizon oil spill by misrepresenting he was a shrimp-boat captain who lost his livelihood. He challenges his sentence of 53 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60105

Clements contends the district court erred in applying advisory-Sentencing Guideline § 2B1.1(b)(10)(C), the sophisticated-means enhancement, because he provided his true identification and location and did not attempt to obscure the link between himself and the scheme. He also asserts the offense was neither complex nor intricate in its execution.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros*, 517 F.3d 751, 764 (5th Cir. 2008).

As stated in *United States v. Conner*, "[t]he district court's factual determination that the defendant used sophisticated means is reviewed for clear error." 537 F.3d 480, 492 (5th Cir. 2008) (citation omitted). Clements asserts, however, that this court should conduct *de novo* review of the sophisticated-means enhancement because he does not dispute any facts and, where no facts are disputed, other circuits apply *de novo* review to interpretations of § 2B1.1(b)(10)(C). We need not decide this assertion because his claim fails under either standard of review.

"'[S]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense". U.S.S.G. § 2B1.1 cmt. 9(B). In concluding the enhancement was applicable, the district court considered Clements' conduct: he recruited a number of individuals to corroborate his fraudulent story; he obtained a commercial license, a boat registration, and a boat outrigged for shrimping; and he made

No. 14-60105

200 telephone calls to the agency he defrauded, seeking the $36,000 he was ultimately awarded by misrepresenting that he was about to lose his home and vehicle.

Although Clements provided his true identity, and his offense was locally based and did not involve any intricate financial transactions, he employed the requisite especially complex and intricate offense conduct regarding execution of the offense. (Because the district court did not err, we need not reach its alternative basis for imposing the same sentence.)

AFFIRMED.